# Exhibit
# A

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## CIVIL DIVISION

| | |
|---|---|
| JULIUS BLOOMSTON and HEIDI BLOOMSTON, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) CIVIL ACTION NO:_____ ) |
| VERSATILE BUILDERS, INC., CUNNINGHAM CONSTRUCTION, INC.,) | ) ) |

and No. 1, an individual or corporation, whether singular or plural, being that person, firm or entity who performed the excavation and site prep at the property described herein; No.2, an individual or corporation, whether singular or plural, being that person, firm or entity whose negligence or other wrongful conduct contributed to cause the plaintiffs' injuries and damages complained of herein and/or contributed to the plaintiffs' injuries and damages complained of herein; No. 3., an individual or corporation, whether singular or plural, being that architect, consultant, developer, engineer, and any other person or business who participated, consulted, or had any role in the design, planning, construction and/or the use of materials, regarding the building and/or construction of the home and property; No. 4, whether singular or plural, that entity which was the principle or agent of any of the named or above described defendants; No. 5, whether singular or plural, that entity or those entities, other than those entities described above, which is the successors in interest of those entities described above; No. 6, whether singular or plural, that entity which provided any insurance coverage, of whatever kind or character, for any of the named defendants or fictitious party defendants listed or named herein. Plaintiffs aver that the identities of the fictitious parties defendant herein are otherwise unknown to plaintiffs at this time or, if their names are unknown to plaintiffs their identities as proper party defendants are not known to plaintiffs at this time, and their true names will be submitted by amendment when ascertained.

| | |
|---|---|
| Defendants. | ) ) |

### PARTIES

1.    Plaintiff Julius Bloomston (hereinafter "Julius" or "Plaintiff") was at all times relevant

to the averments of the Complaint, an adult citizen residing in Jefferson County, Alabama.

2.    Plaintiff Heidi Bloomston (hereinafter "Heidi" or "Plaintiff") was at all times

relevant to the averments of the Complaint, an adult citizen residing in Jefferson County, Alabama.

Plaintiffs Julius and Heidi Bloomston are husband and wife who reside together in the subject home

made the basis of this complaint.

3.    Defendant Versatile Builders, Inc. (hereinafter "Versatile" or "Defendant"), upon information and belief, is a business performing residential homebuilding and other related activities in and around Jefferson County, Alabama. For the allegations alleged herein, Versatile is owned and operated by James Roberston (hereinafter "Robertson").

4.    Defendant Cunningham Construction, Inc. (hereinafter "Cunningham" or "Defendant"), upon information and belief, is a business performing excavation, residential homebuilding and other related activities in and around Jefferson County, Alabama. For the allegations alleged herein, Cunningham is owned and operated by Brian Cunningham (hereinafter "Brian Cunningham").

5.    Fictitious defendant No. 1, an individual or corporation, whether singular or plural, being that person, firm or entity who performed the excavation and site prep at the property described herein; No.2, an individual or corporation, whether singular or plural, being that person, firm or entity whose negligence or other wrongful conduct contributed to cause the plaintiffs' injuries and damages complained of herein and/or contributed to the plaintiffs' injuries and damages complained of herein; No. 3., an individual or corporation, whether singular or plural, being that architect, consultant, developer, engineer, and any other person or business who participated, consulted, or had any role in the design, planning, construction and/or the use of materials, regarding the building and/or construction of the home and property; No. 4, whether singular or plural, that entity which was the principle or agent of any of the named or above described defendants; No. 5, whether singular or plural, that entity or those entities, other than those entities described above, which is the successors in interest of those entities described above; No. 6, whether singular or

2

plural, that entity which provided any insurance coverage, of whatever kind or character, for any of

the named defendants or fictitious party defendants listed or named herein.

## FACTS

6.    On or about February 11, 2000, Plaintiffs entered into a written agreement with

Defendant Versatile Builders, Inc. to buy a lot and a house to be built thereon located at 3721

Shamley Circle, Birmingham, Alabama. Versatile agreed to construct said home according to

plans and specifications submitted and approved by the Plaintiffs.    Defendant Cunningham

performed the excavation and/or site prep for the Plaintiffs' property, which is now suffering erosion

and instability due to the poor workmanship.

7.    As part of the sale of the subject residence, Defendant Versatile issued Plaintiffs

Limited Warranty, that guaranteed the property was free of latent defects which become apparent

within one (1) year of closing or occupancy.

8.    During the one (1) year after the closing on the subject residence, Plaintiffs

discovered numerous defects in the subject residence that were the result of poor workmanship by

Defendants. Plaintiffs repeatedly brought these defects to the Defendants' attention both in writing

and verbally.  Plaintiffs' property and home are experiencing the following problems:

    a.    The slope at the rear of the property is too steep for long-term stability, making the

        deck, patio and home structurally unsound.  A retaining wall is required to stabilize

        the rear portion of the property.

    b.    The floor joists for the rear deck extend through the brick veneer.  As a result, there

        are openings in the brick, which allows water and insects to enter the home.

    c.    Erosion is occurring around the entire house and deck.  The deck has settled

3

approximately three (3) to four (4) inches in the rear corners and the deck must be replaced with proper footings installed.

d.      The basement floor slab is cracked in several locations. Floor supports and joists are need to stabilize this area.

e.      The floor in the master bedroom is unlevel.

f.      The front steps are not on footings and as a result, have settled and need repairing.

g.      Portions of the front yard remain saturated with water following rain.

h.      Improper gutters were installed and do not allow for the proper down flow of water.

i.      A bay window is faulty because of the flooring below in the master bedroom is not level.

j.      Other defects and problems may exist, but have not yet been discovered.

9.      Despite Plaintiffs' repeated attempts to get Defendants to repair the defective workmanship to their property and residence, Defendants failed and/or refused to make the necessary repairs and/or replacements.

10.      As a direct, proximate and foreseeable result of the Defendants' breach, Plaintiffs have suffered, and will suffer, physical damages to their home and property, costs to repair their home and property, as well as diminution of the value of their home, mental anguish and attorney's fees.

## COUNT I
## BREACH OF CONTRACT - Versatile

11.  Plaintiffs adopt and re-allege the allegations contained in the previous paragraphs as if fully stated herein.

4

12. On or about February 11, 2000, Plaintiffs entered into the aforementioned written agreement with Defendant Versatile.

13. Defendant Versatile has breached said agreement by failing to convey said property and home free of all encumbrances for the price and costs specified in the contract.

14.   As a direct, proximate and foreseeable result of Defendant's breach, Plaintiffs have suffered damages, including but not limited to, out-of-pocket expenditures to include repairs and preventative repairs; loss of value of their property; severe mental anguish, emotional distress, anger, shame, humiliation and embarrassment; attorneys fees; and other incidental and consequential damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against the Defendant for an amount to be determined by the jury, plus interest and costs incurred herein.

## COUNT II

## BREACH OF LIMITED NEW HOME WARRANTY - Versatile

15.   Plaintiffs adopt and re-allege the allegations contained in the previous paragraphs as if fully stated herein.

16.   Defendant issued Plaintiffs a Limited Warranty that guaranteed the subject home was free of latent defects and poor workmanship for a period of one (1) year.

17.   Within the one (1) year following the closing, Plaintiffs repeatedly notified Defendant of numerous latent defects that were the result of shoddy and un-workmanlike construction.

18.   Defendant nevertheless has failed and/or refused to address these complaints and is therefore in breach of its contractual obligations under the Limited Warranty.

5

19.     As a direct, proximate and foreseeable result of Defendant's breach, Plaintiffs have suffered damages, including but not limited to, out-of-pocket expenditures to include repairs and preventative repairs; loss of value of their property; severe mental anguish, emotional distress, anger, shame, humiliation and embarrassment; attorneys fees; and other incidental and consequential damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against the Defendant for an amount to be determined by the jury, plus interest and costs incurred herein.

**COUNT III**

**BREACH OF THE IMPLIED WARRANTY OF HABITABILITY - Versatile**

20.     Plaintiffs adopt and re-allege the allegations contained in the previous paragraphs as if fully stated herein.

21.     The subject residence was a new construction, to be built for the Plaintiffs' purposes and had not previously been inhabited.

22.     At the time of the sale, the subject residence contained serious latent material defects that were the result of poor, shoddy and un-workmanlike construction.

23.     Since the date of the closing, Plaintiffs have repeatedly notified Defendant of these latent defects and have requested they be repaired and/or replaced.

24.     Nevertheless, Defendant has continually failed and/or refused to acknowledge these requests and accordingly has failed and/or refused to repair and/or replace the defective conditions caused by its own poor workmanship.

25.     Defendant's actions and omissions constitute a breach of the Implied Warranty of Habitability under Alabama law.

6

26.     As a direct, proximate and foreseeable result of Defendant's breach of the Implied Warranty of Habitability, Plaintiffs have suffered damages including but not limited to, out-of-pocket expenditures to include repairs and preventative repairs; loss of value of their property; severe mental anguish, emotional distress, anger, shame, humiliation and embarrassment; attorneys fees; and other incidental and consequential damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against the Defendant for an amount to be determined by the jury, plus interest and costs incurred herein.

<u>COUNT IV</u>

<u>NEGLIGENCE AND WANTONNESS</u> - **Versatile & Cunningham**

27.     Plaintiffs adopt and re-allege the allegations contained in the previous paragraphs as if fully stated herein.

28.     Defendants owed a duty to exercise due care in the development and construction of the Plaintiffs' property and home.

29.     Defendants breached this duty by failing to prepare, maintain, develop, design, install, and/or construct Plaintiffs' property and home in a competent and workmanlike manner.

30.     Defendants' failure to properly prepare, maintain, develop, design, install, inspect and/or supervise the construction of Plaintiffs' home constitutes gross negligence and/or wantonness entitling Plaintiffs to recover punitive damages.

31.     As a direct, proximate, and foreseeable result of the Defendants' negligence, gross negligence and/or wantonness, Plaintiffs' have suffered, and will suffer, physical damages to their home and property, costs to repair their home and property, as well as diminution of the value of their home, mental anguish and attorney's fees.

7

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against the Defendants for an amount to be determined by the jury, plus interest and costs incurred herein.

## COUNT V

### FRAUD - Versatile

32.     Plaintiffs adopt and re-allege the allegations contained in the previous paragraphs as if fully stated herein.

33. On or about February 11, 2000, the Plaintiffs contracted with the Defendants to purchase a properly constructed home that was free from defects.

34.     At that time it was represented by Defendant to the Plaintiffs that said home would be built free from defects, constructed in a workmanlike manner, or if there were defects, the same would be cured to Plaintiffs' satisfaction.

35.     Said representations were false and the defendants knew or should have known that they were false.

36.     Plaintiffs believed the said representations, reasonably relied on them, and innocently acted upon them to their detriment by purchasing said home.

37.     As a direct, proximate and foreseeable result of said representations made by the Defendant, Plaintiffs suffered and will suffer physical damages to their home, costs to repair their home and property, as well as diminution of the value of their home, mental anguish, attorney's fees and are entitled to punitive damages.

38.     Plaintiffs claim punitive damages of the Defendant because of the intentional or gross and reckless nature of the fraud.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against the

8

Defendant for an amount to be determined by the jury, plus interest and costs incurred herein.

_Bernard D. Nomberg_

Bernard D. Nomberg [NOM 002]
David P. Nomberg [NOM 003]
Attorneys for Plaintiffs Julius Bloomston and
Heidi Bloomston

**OF COUNSEL:**
LAW OFFICES OF BERNARD D. NOMBERG, P.C
One Highland Place
2151 Highland Avenue, Suite 120
Birmingham, Alabama 35205
Telephone: (205) 930-6900
Facsimile: (205) 930-6910

**PLAINTIFFS DEMAND TRIAL BY A STRUCK JURY.**

_Of Counsel_

Of Counsel

**PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL AS FOLLOWS:**

**Versatile Builders, Inc.**
**c/o Registered Agent Marie Robertson**
**1116 Old Section Road Southeast**
**Birmingham, Alabama 35244**

**Cunningham Construction, Inc.**
**c/o Registered Agent Brian R. Cunningham**
**21036 Sharon Drive**
**McCalla, Alabama 35111**

9